IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
2011 FEB -4  P 2: 58
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **RODNEY DILLARD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-11-J-0400-S |
| | ) | |
| **UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 1657; UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, in its individual capacity and in its capacity as Trustee of LOCAL 1657; and, FEDERATION OF AGENTS AND INTERNATIONAL REPRESENTATIVES,** | ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Rodney Dillard states this as his complaint against the United Food and Commercial Workers Union, Local 1657, the United Food and Commercial Workers Union International Union in its individual capacity and in its capacity as Trustee of Local 1657, and the Federation of Agents and International Representatives:

### I. NATURE OF THE CASE

1.  This is an action under the Fair Labor Standards Act of 1938, 29

U.S.C. § § 201 et seq. ("Fair Labor Standards Act" or "FLSA"). Plaintiff seeks damages for unpaid time, and liquid damages from defendants United Food and Commercial Workers Union, Local 1657, and the United Food and Commercial Workers International Union, arising from defendants' violations of the Fair Labor Standards Act. Plaintiffs also seek a reasonable attorney fee and costs pursuant to 29 U.S.C. §216(b).

2. Plaintiff also alleges that defendants United Food and Commercial Workers Union, Local 1657, and United Food and Commercial Workers International Union breached a collective bargaining agreement when they wrongfully terminated plaintiff's employment, and that defendant Federation of Agents and International Representatives breached its duty to fairly represent him when he tried to grieve his termination.

## II. JURISDICTION

3. Count I of this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1331, (federal question).

4. Count II of this action alleges plaintiff's "Hybrid §301" claim against his employers and collective bargaining representative. Jurisdiction is based upon the Labor Management Relations Act, 29 U.S.C. § 185(a), and 28 U.S.C. §1331.

## III. VENUE

5. Plaintiff and defendants United Food and Commercial Workers Union, Local 1657, and defendant United Food and Commercial Workers International Union, in its capacity as Trustee of Local 1657, are located within the Northern District of Alabama, Southern Division. The acts complained of took place within this district and division, therefore, proper venue for this action lies within the Northern District of Alabama, Southern Division based on 28 U.S.C. § 1391(b).

## IV. PARTIES

6. Plaintiff, Rodney Dillard ("Dillard") is a resident of Jefferson County, Alabama and a former employee of defendant United Food and Commercial Workers Union, Local 1657. Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

7. Defendants United Food and Commercial Workers, Local 1657 ("Local 1657") and United Food and Commercial Workers International Union ("International Union") were employers of the plaintiff within the meaning of 29 U.S.C. §203(d), §206(a)(1), and §207(a)(1) of the FLSA. The International Union is the trustee of and alter ego of Local 1675.

8. Defendant Federation of Agents and International Representatives ("FAIR") is the collective bargaining agent for employees of Local 1657 and the International Union.

9. Defendants International Union and Local 1657 are doing business in Jefferson County, Alabama, and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1). Specifically, defendants International Union and Local 1657 are engaged in the organization and representation of food and other commercial workers in industries affecting commerce.

## V. FACTUAL ALLEGATIONS

10. Rodney Dillard was an employee of Local 1657 from about 1995 to August 9, 2010. Dillard worked as a union representative and organizer.

11. As a union representative, Dillard worked to organize and represent food and other commercial workers. In that context, Dillard travelled to various work places to recruit workers to join Local 1657 and the International Union, completed paperwork regarding the same, and assisted the officers of Local 1657 and the International Union.

12. During his employment, Dillard did not have the authority to hire, fire or evaluate fellow employees. Dillard's primary duties did not include

management, or the exercise of discretion or independent judgment with respect to matters of significance.

13. Dillard was employed in an enterprise engaged in commerce or in the production of goods for commerce.

14. On or about April 20, 2010, Local 1657 was placed under trusteeship by the International Union, and the International Union began acting as the trustee and alter ego of Local 1657.

15. Dillard was compensated $947 per week regardless of the hours devoted to his employment. Dillard also received $156 per week as a car allowance.

16. Between 2007 and March 2010, Dillard worked approximately four hours of overtime per day for which he was not compensated. Between April 2010 and August 9, 2010, Dillard worked approximately eight hours of overtime per day for which he was not compensated.

17. Local 1657 and the International Union willfully failed to compensate Dillard at a rate of one and one-half times Dillard's regular hourly rates for all hours worked in excess of 40 hours during his employment.

18. On or about August 9, 2010, Dillard's employment was terminated by Local 1657 and the International Union in violation of the collective bargaining agreement between defendants FAIR and Local 1657.

19. On August 13, 2010, and pursuant to the terms of that collective bargaining agreement, Dillard filed a grievance with FAIR against Local 1657 and the UFCW.

20. FAIR failed to properly investigate Dillard's grievance and improperly refused to take Dillard's grievance through the appropriate steps mandated by the collective bargaining agreement.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

21. Dillard adopts all of the allegations in this Complaint as part of this Count I.

22. Defendants Local 1657 and the International Union willfully failed to compensate Dillard at a rate of one and one-half times Dillard's regular hourly rate for all hours worked in excess of 40 hours during Dillard's employment.

23. Dillard is not exempt from the protections afforded him by the Fair Labor Standards Act per 29 CFR Part 541.

24. Local 1657 and the International Union, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

WHEREFORE, Dillard requests this Court enter judgment in favor of Dillard and against Local 1657 and the International Union, for:

(1) all amounts of overtime wages that plaintiff should have received under the Fair Labor Standards Act but for defendants' willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) subject only to the three year statute of limitations of 29 U.S.C. 255(a);

(2) interest; and,

(3) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## COUNT II

### HYBRID §301
### BREACH OF CONTRACT/BREACH OF DUTY OF FAIR REPRESENTATION

25. Dillard adopts all allegations of this Complaint as part of this Count II.

26. A collective bargaining agreement existed between FAIR, on the one hand, and Local 1657 and the International Union, on the other hand. The collective bargaining agreement was reached, in part, to protect the terms and conditions of Dillard's employment with Local 1657 and the International Union.

27. Local 1657 and the International Union breached the collective bargaining agreement when they wrongfully terminated Dillard's employment.

28. In violation of Section 301 of the Labor Management Relations Act, 29 U.S.0 § 185(a), FAIR breached its duty of fair representation of Dillard by its perfunctory investigation of Dillard's grievance and failure to pursue the grievance through arbitration. FAIR's acts and omissions were arbitrary, capricious, discriminatory and made in bad faith, and tainted the grievance process mandated by the collective bargaining agreement.

WHEREFORE, Dillard requests this Court enter judgment in his favor:

(1) against Local 1657 and the UFCW for that amount due as a result of their breach of the collective bargaining agreement;

(2) against FAIR for its breach of its duty of fair representation;

(3) against each defendant for interest;

(4) against each defendant for attorney fees; and,

(5) award any other relief that justice may require.

PLAINTIFFS DEMAND TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

William M. Acker, III
Counsel for Rodney Dillard
ASB-5522-C6OW

OF COUNSEL:

2015 1st Avenue North
Birmingham, AL 35203
(205) 458-1154
(205) 328-6957
marshacker@att.net

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Federation of Agents and International Representatives
P.O. Box 760
Roseville, CA 95661-0760

United Food and Commercial Workers, Local 1657
2013 1St Avenue North
Birmingham, AL 35203

United Food and Commercial Workers International Union
1775 K Street, NW
Washington, D.C. 2006-1562